## RED WING LINSEED CO. v. BLAIR, Commissioner of Internal Revenue.

Circuit Court of Appeals, Eighth Circuit. November 7, 1928.

No. 337, Orig.

John J. Grealis, of Chicago, Ill. (Oswald D. Luby and Raymond S. Pruitt, both of Chicago, Ill., on the brief), for petitioner.

John Vaughn Groner, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel Bureau of Internal Revenue, and L. W. Scott, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. This is a petition to review the decision of the United States Board of Tax Appeals, sustaining the determination of the Commission-er of Internal Revenue that the petitioner corporation made a profit on a sale of its capital assets in 1918, resulting in a deficiency in the tax for that year amounting to $16,033.-74. The order of determination of the Board of Tax Appeals ruled that there was a deficiency in tax for the year 1918 in that amount.

In the proceedings before the Board of Tax Appeals the petition was filed March 27, 1925. Respondent filed answer, and on October 3, 1925, a hearing was had before a division of the Board on the merits, when the taking of testimony was commenced and concluded, and the case was submitted. November 9, 1926, the Board's findings of fact and opinion were filed, pursuant to which judgment was entered for respondent. November 13, 1926, the Board's order of redetermination was filed. In this court the respondent moves to dismiss the petition to review herein for want of jurisdiction, "because the decision and order of redetermination of the said United States Board of Tax Appeals from which the said review purports to have been taken is a decision rendered after the enactment of the Act of Congress approved February 26, 1926, otherwise known as the Revenue Act of 1926 (44 Stat. 9), and is a decision rendered in a case wherein a hearing thereof had been had before the said Board and concluded before the enactment of said act." The following sections of the Revenue Act of February 26, 1926, are controlling:

"Sec. 1001. (a) The decision of the Board rendered after the enactment of this act (except as provided in subdivision (j) of section 283 and in subdivision (h) of section 318) may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within six months after the decision is rendered."

"Sec. 283. (b) If before the enactment of this act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by title II of such act or to so much of an income, war-profits, or excess-profits tax imposed by any of the prior acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and

of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284.

*  *  *  *  *  *  *

"(j) In cases within the scope of subdivision (b) or (f) of this section where any hearing before the Board has been held before the enactment of this act and the decision is rendered after the enactment of this act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision." 26 USCA §§ 1224 (a), 1064(b), (j).

It is conceded that the petitioner appealed to the Board of Tax Appeals under section 274 of the Revenue Act of 1924 (26 USCA § 1048) and that the case falls within the scope of subdivision (b) of section 283 of the Revenue Act of 1926 (44 Stat. 9). It is urged, however, that subdivision (j) of said section does not apply. An attempt is made to differentiate between the Board as a whole and one of its divisions. The decision, however, is that of the Board. The hearing and submission, it is true, was before a division of the Board, but what the entire Board does in the matter of receiving, discussing, approving, modifying or rejecting the action of one of its divisions cannot be termed a hearing, because the parties do not participate therein. The procedure in this respect is similar to the action of a court wherein a matter has been submitted, taken under advisement, and afterwards, through conference or otherwise, decided.

Constructively, every decision is a decision of the Board, and every hearing, leading up to that decision, is a hearing by the Board. The word "hearing" ordinarily includes the introduction of evidence, the arguments of counsel, and the judgment and decree; but, in subdivision (j) of section 283, it does not include the decision of the case. In clear and unmistakable language that subdivision eliminates the decision from the hearing when it provides that no review can be had where any hearing has been held before the enactment of the Revenue Act of 1926, and the decision has been rendered after that enactment. In such case, the decision becomes final upon the date when it is rendered, and neither party shall have any right to petition for its review. The reasoning upon which this conclusion is based is so clearly and forcibly stated by the Circuit Court of Appeals for the First Circuit in Blair, Commissioner, v. Curran, 24 F. (2d) 390, that it is deemed unnecessary to restate it here. To the same effect is Blair, Commissioner, v. Hendricks (C. C. A. 2) 24 F.(2d) 819; and the same result was reached by this court in Siegel et al. v. Blair, Commissioner, 25 F.(2d) 1022.

For the reason, therefore, that the hearing in this case was held before the enactment of the Revenue Act of 1926, and the decision of the Board was rendered after such enactment, that decision became final upon the date when it was rendered, and petitioner is not entitled to a review in this court. It follows that the motion to dismiss must be and is sustained, and the petition to review dismissed.